UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-327-FDW

| KEVIN GIOGLIO, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
|  | ) | **ORDER** |
|  | ) |  |
| DANIEL MCKINNEY, Food Service Officer, Avery Mitchell Correctional Institution, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). On December 23, 2013, in response to Plaintiff's application to proceed in forma pauperis, the Court entered an Order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 4).

**I.  BACKGROUND**

Pro se Plaintiff Kevin Gioglio, a state court inmate currently incarcerated at Warren Correctional Institution, filed this action on December 16, 2013, pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff names as Defendants the following persons: Daniel McKinney, identified as a food service officer at Avery Mitchell Correctional Institution ("Avery Mitchell"); George T. Solomon, identified as Director of Prisons of the North Carolina Division of Prisons; Richard Ball, identified as the Superintendent of Avery Mitchell; and Richard Childress, identified as a food service manager at Avery Mitchell. Plaintiff alleges that on August 4 or 6, 2011, while Plaintiff was incarcerated at Avery Mitchell, Defendant McKinney:

1

> approached [Plaintiff] in the food service area of Avery Mitchell Correctional Institution at approximately 7:00 am during breakfast meal of the prison population in a[n] aggressive and forceful manner by approaching Plaintiff Kevin Giglio and cursing him and forcefully putting his finger into the plaintiff's chest advising him to grab the "damn" mop and "mop the floor now."

(Doc. No. 1 at 4). Plaintiff alleges that this conduct by Defendant McKinney violated his Eighth and Fourteenth Amendment rights. Plaintiff also alleges generally that he has witnessed Defendant McKinney acting aggressively towards other inmates at Avery Mitchell. (Id. at 5). Plaintiff further alleges that the other defendants were negligent in failing to report Defendant McKinney's conduct to superiors at the prison and for failing to have Defendant McKinney removed from the general prison population. (Id. at 7). Plaintiff seeks compensatory damages, punitive damages, and an order from the Court for Defendant McKinney to be kept away from the prison population. (Id. at 4). Plaintiff attached to the Complaint his grievance arising out of the alleged incident, and it appears that he exhausted his administrative remedies before bringing this action. See (Doc. No. 5).

**II.     STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A, in any action against a government employee, the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such

as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21. Furthermore, the Supreme Court has recently reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S.Ct. 1175, 1178-79 (2010). In Wilkins v. Gaddy, the Supreme Court observed:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every

3

> malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.

Id. at 1178-79 (citations omitted).

This Court finds that this action will be dismissed for failure to state a claim.[1] After Wilkins, it is now clear that an excessive force claim will not fail merely because a plaintiff's injury was de minimis. To be sure, however, and even after Wilkins, as a matter of law a guard poking his finger at the chest of an inmate and yelling at the inmate does not arise to a federal constitutional violation. Indeed, here, Plaintiff does not even allege that he suffered any physical injury as a result of Defendant McKinney's alleged conduct. Accord Baker v. Reitz, Civil No. 1:cv-12-1452, 2012 WL 6055591, at *2 (M.D. Pa. Dec. 6, 2012) (holding that the plaintiff failed to state a claim for excessive force where a prison employee struck a plaintiff with a rolled-up grievance while yelling at him).

IV. CONCLUSION

In sum, the Complaint is dismissed for failure to state a claim under Section 1915(e)(2).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is dismissed with prejudice for failure to state a claim under 1915(e).

---

[1] Even if Plaintiff had stated a claim for relief as to Defendant McKinney, the Complaint would be subject to dismissal as to various defendants for other reasons. For example, defendant's supervisors cannot be held under a theory of respondeat superior. Furthermore, any injunctive relief sought by Plaintiff is moot because he has been transferred away from Avery Mitchell.

Signed: January 8, 2014

Frank D. Whitney
Chief United States District Judge